Davis, J.
The views which we entertain in regard to one of the assignments of error in this case render *496 it unnecessary to consider the others. The defendant in error began the action in the court of common pleas to obtain specific performance of an alleged parol agreement by Isaac Unger, the defendant, to '■convey to John J. Unger, the plaintiff, the land described in the petition, if John J. Unger would move upon and improve the land. ' It was alleged that the plaintiff had performed all the conditions on'his part; and that a certain subsequent lease from the defendant to the plaintiff and his brother was obtained by fraud. The defendant, Isaac Unger, denied that lie ever made any such agreement or promise, and admitted that he leased the eighty acre tract described in the petition by a written lease entered into January 27,1898, but denied that the contract of lease was fraudulently made. The court of common pleas dismissed the petition.
On the hearing of the case in the circuit court the court found from the evidence that the- defendant entered into a contract Avith the plaintiff to convey the land in question; that the plaintiff has kept and fulfilled on his part all and singular the terms and conditions of the contract so made; that the plaintiff had so performed on his part prior to January 27, 1898, on which date the contract of lease was signed by- the plaintiff at the request of the defendant, but that said lease was not procured by fraud. The court also found that the plaintiff did not, at the time of signing the lease, or by signing it, intend to waive or surrender any claim, right or interest in or to the land in controversy. The court overruled a motion by the defendant for judgment in his favor upon the facts as found by the court, but gave a decree for the plaintiff as prayed, and this is assigned as error.
*497 The theory on which this decree seems to have been made is that the finding of fact, that the plaintiff in signing and accepting the lease did not intend to waive any of his rights in the land previously acquired, necessitates the legal conclusion that he did not thereby waive his claims and acknowledge a superior title. But this cannot be .correct reasoning. When one man kills his friend unintentionally, it does not follow from the fact that he did not intend to kill, that he did not do so. It may well be, as found by the circuit court, that the plaintiff did not intend to waive his claim to this land; but if he nevertheless, by a written contract, made, without fraud, acknowledged- a paramount title in the' defendant, he cannot be heard to say that his admissions and covenants thus solemnly made are meaningless or of no effect. 1-J.e must abide by the terms of the agreement which he has made. Indeed the parties to this instrument, which they expressly term a “contract and agreement,” “agree to abide by and with this contract.” By it the defendant “agrees to let unto the second parties (the plaintiff and his brother) the use of his farm.” This is an assertion of a paramount title in the defendant, and is inconsistent with the ,claim of ownership in the lessees or either of them. The letting is “for the term of one year from March 15, 1898, on the following terms, to-wit: Levi Unger to have the north half of the above described farm and John J. Unger (the plaintiff) to have the south half of the above described farm, providing they pay one-fourth (NjJ of the tax, etc. To have the use of all the land cleared, etc. To take good care of fruit trees. To take good care of farm as if it were their own, etc.”
These stipulations are manifestly inconsistent with *498 the idea of title or right of possession in either of the lessees, and with tjhese before us it seems impossible to believe that if the plaintiff intended to assert a right of possession with a right to enforce a conveyance in fee, he would accept the mere use of the property for a limited time upon the conditions prescribed. Finally this contract expressly took the place of all other claims and settled all former controversies and disputes. “The first and second parties agree to live in peace and harmony with each other and also with the first party, etc. Also all past controversies to be forever hushed and all disputes to be settled by the first party.”
: In short, the written contract conclusively shows that the plaintiff had abandoned the parol contract on which he now claims. He elected to be a tenant of the defendant, and is estopped from asserting a claim which is inconsistent with the landlord’s title. The possession of the plaintiff after the making of the lease is referable to the lease, and lias so continued to be ever since.

The decree of the circuit court is reversed and judgment rendered for the plaintiff in error.

Williams, Burket, Spear and Shauck, JJ., concur. Minshall, O. J., absent.